**COURTS AND JUDGES**

CONSTITUTIONAL LAW — PUBLIC OFFICERS AND EMPLOYEES —
SERVICE BY DISTRICT COURT JUDGE ON INTERMEDIATE
SANCTIONS POLICY BOARD

January 27, 1993

*The Honorable Frank M. Kratovil*
*District Court for Prince George's County*

You have requested our opinion whether the Maryland Constitution precludes a District Court judge from serving as a member of the Intermediate Sanctions Policy Board, an entity created by Prince George's County to develop policy guidelines for pretrial release and intermediate sentencing in the county.

For the reasons stated below, we conclude that the Maryland Constitution does not preclude a District Court judge from serving as a member of the Intermediate Sanctions Policy Board.

I

**The Policy Board**

In July 1992, the County Council of Prince George's County enacted legislation to establish the Intermediate Sanctions Policy Board. The Board comprises five voting members, including two judges, one from the Circuit Court and one from the District Court.

§7-196(a) of the Prince George's County Code.[1] The Board has the following purpose and duties:

>     (a)   The purpose of the Intermediate Sanctions Policy Board shall be to develop policy guidelines for pretrial release and intermediate sentencing in the county.

>     (b) The Board shall advise the Director of the Department of Corrections in specific policy areas dealing with pre-trial release.

>     (c) The Board shall determine the scope and objectives of the pre-trial release program.

>     (d) The Board shall recommend ways in which the public image and public awareness of the pre-trial release program may be enhanced.

---

[1] The full text of this subsection is as follows:

>     The Intermediate Sanctions Policy Board shall consist of five (5) voting members. They shall be (1) a judge of the Circuit Court for Prince George's County to be designated by the County Administrative Judge; (2) a judge of the District Court of Maryland for Prince George's County designated by the Administrative Judge; (3) the State's Attorney for Prince George's County or the State's Attorney's designee, (4) a member of the County Council designated by the Chairman of the Council, and (5) the County Executive or the County Executive's designee.

The Board also has three ex officio nonvoting members. §7-196(b).

We assume that the State public officers designated to serve on the Board are willing to do so. With respect to judges, Canon 4B(2) of the Maryland Code of Judicial Conduct authorizes a judge to "serve on governmental advisory bodies devoted to the improvement of the law, the legal system or the administration of justice ...." Accordingly, we need not and do not address the County's authority to require such service of State officers.

(e)  The Board shall formulate a policy of screening criteria for pre-trial release program participants.

(f)   The Board shall evaluate data to determine the effectiveness of the pretrial release program.

## II

### Article 35

Article 35 of the Declaration of Rights provides that "no person shall hold, at the same time, more than one office of profit, created by the Constitution or Laws of this State ...."

The position of District Court judge, is of course, an office of profit.  The position of member of the Intermediate Policy Sanctions Board, however, is not.  Section 7-196(d) of the Prince George's County Code provides that "[a]ll members of the Board shall serve without additional monetary compensation" — that is, compensation beyond that of the positions already held by the Board members.

An uncompensated position cannot be an "office of profit" for purposes of Article 35.  Therefore, Article 35 does not bar a public officer from simultaneous service on the Intermediate Sanctions Policy Board.

## III

### Article 33

Article 33 of the Declaration of Rights contains a separate and more broadly worded restriction on the holding of other positions by judges:  "No Judge shall hold any other office, civil or military, or political trust, or employment of any kind, whatsoever, under the Constitution or laws of this State ...."

## A.    *"Office"*

The first issue under Article 33 is whether membership on the Intermediate Sanctions Policy Board is an "office."   In applying the term "office" in Article 33, we use the same criteria as have been developed over the years for determining whether a position is an "office" for purposes of Article 35.  *See* 60 *Opinions of the Attorney General* 121, 126 (1975).[2]   Prior opinions of this office have summarized these criteria as follows:

> (1) The position was created by law and involves continuing and not occasional duties.

> (2) The holder performs an important public duty.

> (3) The position calls for the exercise for some portion of the sovereign power of the State.

> (4) The position has a definite term for which a commission is issued and a bond and an oath are required.

> (5) The position is one of dignity and importance.

72 *Opinions of the Attorney General* 271, 272 (1987); 59 *Opinions of the Attorney General* 154, 156 (1974). *See Board of Supervisors of Elections v. Attorney General,* 246 Md. 417, 439, 229 A.2d 388, 230 A.2d 61 (1967).  Of these criteria, "the single most important characteristic of a public officer is that the 'public servant exercise[s] in his own right some of the sovereign powers of government for the benefit of the public.'"   68 *Opinions of the Attorney General* 358, 361 (1983) (quoting *Duncan v. Koustenis*, 260 Md. 98, 105, 271 A.2d 547 (1970)).

---

[2] By contrast to Article 35, a position that is an "office" comes within Article 33 even if it is uncompensated; it need not be an "office *of profit*."

In our view, members of the Intermediate Sanctions Policy Board do not hold an "office." Except for one non-voting attorney member, the members of the Board do not serve definite terms. No commission is issued, no bond is posted, and no oath is required. Most importantly, the members of the Board exercise no sovereign power in their own right. Their role is essentially one of presenting policy recommendations and evaluating the way in which alternative sanctions programs are functioning.

### B. "Political Trust"

The term "political trust" is synonymous with the term "office." 65 *Opinions of the Attorney General* 285, 287 (1980). Our conclusion is the same, therefore, with respect to this component of Article 33: Membership on the Intermediate Sanctions Policy Board is not a position of "political trust," because the criteria of an office are not met.

### C. "Political ... Employment"

The term "employment" refers to "an activity engaged in for purposes of gain or profit." 65 *Opinions of the Attorney General* at 288; 63 *Opinions of the Attorney General* 106, 111-12 (1978). Because the position of Board member is uncompensated, a judge does not engage in prohibited "employment" by serving on the Board.

### IV

### Conclusion

In summary, it is our opinion that a District Court judge may serve on the Prince George's County Intermediate Sanctions Policy Board.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*